IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60544
Conference Calendar
_____

JOHN MCFADDEN,

Plaintiff-Appellant,

versus

THOMAS STEPHENS et al.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CV-523-WS
- - - - - - - - - -
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Dr. John McFadden, a medical doctor licensed to practice medicine in Mississippi, filed a complaint in the district court seeking to stop the investigations of the Mississippi State Board of Medical Licensure (the Board) into his compliance with the Mississippi Medical Practice Act.  He named the Board and its numerous members as defendants.

McFadden alleged that, as part of an investigation of his tendency to prescribe narcotics, the Board subpoenaed a number of his patients' medical records.  Although the Board had yet to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

take any disciplinary action, McFadden sought in his suit to have the court enter a declaratory judgment and injunction stating that, if at some time in the future such action were taken, his constitutional rights would be violated. The district court dismissed McFadden's complaint because it did not allege a "case or controversy" under Article III of the Constitution, failing to establish "a real and immediate injury or threat of injury." McFadden appeals that decision.

In his amended complaint, McFadden stated:

Dr. McFadden believes that in the future, he will be the subject of disciplinary proceedings. There is no current disciplinary proceeding pending before the Defendants, but there is a likelihood that such a proceeding will be brought in the future[.]

On appeal, McFadden asserts that he has suffered an injury in fact because the actions of the Board in subpoenaing his patients' medical records make "the threat of prosecution actual and imminent and not merely conjectural." He asserts that the resulting "chilling effect" amounts to a restriction of his medical license because he "cannot provide his patients with the treatment he would normally provide them due to his fear of prosecution by a biased complaints tribunal."

McFadden's argument is without merit. Despite McFadden's current assertion of a perceived chilling effect on his practice, the nature of any actual injury McFadden may suffer remains entirely speculative, not concrete and particularized. See Soc'y of Separationists, Inc. v. Herman, 959 F.2d 1283, 1285 (5th Cir. 1992) (en banc). McFadden thus has not met his burden of showing that his claim meets the standing and ripeness requirements for

review under Article III.  Accordingly, the district court's judgment of dismissal on this basis was not in error.  McFadden's appeal is without merit, and it is DISMISSED as frivolous.  <u>See Howard v. King</u>, 707 F.2d 215, 219- 20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The appellees' motion to dismiss the appeal on unrelated grounds is DENIED as moot.